**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STEPHEN N. BUERGI,

    Plaintiff,

    vs.                        No. CIV 00-0401 JC/LFG  (ACE)

LIFE INSURANCE COMPANY
OF NORTH AMERICA, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand, filed April 19, 2000 *(Doc. 5)*. Plaintiff argues that Defendants cannot remove this action to federal court because they have not alleged an amount in controversy over $75,000 in order to establish diversity jurisdiction under 28 U.S.C. § 1332(a).

**A.  Legal Standard**

Federal court jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Consequently, there is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Laughlin*, 50 F.3d at 873. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Id.* A court lacking jurisdiction must dismiss

or remand the cause at any stage of the proceedings in which it becomes apparent that there is no federal jurisdiction. *See id*.

**B. Discussion**

Plaintiff alleges in his state Complaint for Breach of Contract (Complaint) at ¶¶ 4 and 5, filed February 14, 2000, that Defendants wrongfully denied him long term disability insurance benefits by breaching a contract with Plaintiff's prior employer and engaging in unfair claims practices. Plaintiff asks in his Complaint at ¶ 5 that the long term disability insurance benefits be reinstated with interest and that he be paid costs and attorney fees. Defendants state in their Notice of Removal at ¶ 4, filed March 17, 2000 *(Doc. 1)*, that the total amount of past and future disability insurance benefits claimed by Plaintiff in this case is approximately $96,768. This amount assumes that Plaintiff meets all conditions and definitions under the disability insurance plan and considers C.P.I. increases and Social Security offsets. *Id*. Plaintiff argues that the amount in controversy should not include future disability payments. Instead, Plaintiff contends that the amount in controversy is only the total amount of past disability benefits allegedly wrongfully withheld at the time of removal. In this case, the withheld past disability benefits are less than $75,000.

"As a general rule, future benefits payable under a contract of insurance may be used to compute the amount in controversy for jurisdictional purposes only when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder is the matter in dispute." *Bowman v. Iowa State Travelers Mut. Assur. Co.,* 449 F. Supp. 60, 61 (E.D. Okla. 1978) (citing among others *White v. North Am. Acc. Ins. Co.*, 316 F.2d 5 (10th Cir. 1963); *Henderson v. National Fidelity Life Ins. Co.*, 257 F.2d 917 (10th Cir. 1958); *Guardian Life Ins. Co. of America v. Kortz*, 151 F.2d 582 (10th Cir. 1945)). Here, the cause of action is not one which challenges the validity of the disability insurance contract but rather is one that

disputes Defendants' liability under the disability insurance contract.  Under *Bowman* and its supporting Tenth Circuit authority, the amount in controversy in this case would only be the accrued amount of withheld past disability insurance benefits.  The accrued amount of withheld past disability insurance benefits does not meet the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a).  This matter, therefore, should be remanded for lack of diversity jurisdiction.

Defendants argue against this conclusion by citing to two cases:  *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269 (10th Cir. 1998), and *Prudential Ins. Co. v. Thomason*, 865 F. Supp. 762 (D. Utah 1994).  Unfortunately for Defendants those cases are distinguishable from the one at hand.  Defendants cite *Narvaez* for the proposition that "[w]here insurance coverage is denied, the maximum 'amount in controversy is the maximum limit of the insurer's liability under the policy.'" 149 F.3d at 1271 (quoting *Farmers Ins. Co., Inc. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979)). *Narvaez*, however, is an uninsured motorist insurance case and does not contemplate future installment payments such as may arise in a disability insurance case.  *Thomason* held that future insurance benefits could be considered in determining the amount in controversy where the plaintiff, an insurance company, sued to rescind the disability insurance contract from the date of that contract's inception.  865 F. Supp. at 763-65.  Unlike this case, the cause of action in *Thomason* attacked the validity of the disability insurance contract.  Accordingly, the future insurance benefits were properly considered in determining the amount in controversy in that case.

## C.  Conclusion

I conclude that the amount in controversy rule articulated in *Bowman* is applicable to this case and dictates that a remand is appropriate.  I, therefore, find that Plaintiff's Motion to Remand is well taken and should be granted.

-4-

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Remand, filed April 19, 2000 *(Doc. 5)*, is granted.

IT IS FURTHER ORDERED that this matter is remanded in its entirety to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

*[signature: John Edwards Conway]*
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

>Paul S. Wainwright
>Albuquerque, New Mexico

Counsel for Defendants:

>Travis R. Collier
>Deborah E. Mann
>Rodey, Dickason, Sloan, Akin & Robb
>Albuquerque, New Mexico